UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MELISSA CRABLE,

     Plaintiff,

v.                                 Case No.  5:10-cv-402-Oc-37TBS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

     Defendant.

_____/

ORDER

Pending before the Court is the Motion to Seal Correspondence, and in the alternative, Motion to Order the Parties to Enter into a Confidentiality Agreement, filed by non-party movants, Dr. Ara Deukmedjian ("Dr. Deukmedjian") and Millennium Medical Management, LLC ("Deuk Spine"). (Doc. 138).  Defendant State Farm Mutual Automobile Insurance Company ("State Farm") has filed a response (Doc. 148), thus, the motion is ripe for review. Upon due consideration, the Court DENIES the motion.

I. Background

On January 25, 2010, Melissa Crable ("Plaintiff") filed an action in state court against her insurer, State Farm for uninsured/under-insured motorist benefits. (Doc. 2). Plaintiff's claim arises out of injuries she sustained in an automobile accident on November 12, 2008. (Id. ¶¶ 3-5).  Following the accident, Plaintiff engaged the law firm of Morgan & Morgan as her attorneys.[1]  The law firm referred her to neurosurgeon Dr. Deukmedjian who entered into an agreement with her to take a lien on the proceeds of this lawsuit rather than bill her insurance carrier. (Doc. 101 at 2).  Dr. Deukmedjian

_____

[1]The law firm moved to withdraw as Ms. Crable's counsel on August 25, 2011.  (Doc. 67) The Court granted the motion on August 31, 2011.  (Doc. 74)

examined Plaintiff and performed surgical procedures on her cervical spine. (Id.); see

also (Doc. 11 at 20-22).  Plaintiff now claims $76,000 in economic damages in this case–

approximately $65,000 of which results from the treatment provided by Dr.

Deukmedjian.[2] (Doc. 11 at 20-22).  Defendant removed this case to federal court and

filed an answer to the Complaint on August 17, 2010. (Docs. 1, 3).  In its Answer,

Defendant asserts several affirmative defenses against Plaintiff's claim, including:

> 1. Treatment/Expense Not Medically Reasonable, Necessary
> and Related. Defendant alleges that the medical
> expenses/wages claimed by Plaintiff were not medically
> reasonable, related, and necessary in connection with the
> subject accident.
>
> 2. Overbilling.  The treatment provided to Plaintiff was
> overbilled by the medical providers.
>
> . . . .
>
> 5. The medical records submitted in support of the services
> do not sufficiently support the billing of the CPT codes
> submitted and further, fails to comply with AMA/CPT
> guidelines.  The medical records submitted in support of these
> codes fail to appropriately document the medical necessity for
> the services.

(Doc. 3 at 3-4).  On November 14, 2011, this Court, ordered the movants to produce

certain correspondence described in Margaret Zukoski's deposition, including,

> Deuk Spine's requests for liability insurance policy limits, the
> dates demands were sent, how much was demanded,
> whether trial was set and how soon Deuk Spine could expect
> payment for Morgan & Morgan clients treated by Deuk Spine.
> Deuk Spine shall also produce all responses to these
> requests which it received. Alternatively, Deuk Spine shall
> provide an affidavit from a competent witness that the
> documents do not exist. If they did exist sometime in the past

---

[2]Plaintiff has already received more than $10,000 in PIP and medical payments from Defendant State Farm, which is applied against the $76,000 in damages sought. (Doc. 101 at 2 n.1). Therefore, Dr. Deukmedjian's medical bills constitute almost all of her remaining damages.  (Id.)

> then the affidavit shall address what happened to the
> documents. Deuk Spine shall also produce the items
> responsive to item 6 of State Farm's subpoena duces tecum,
> the "Reimbursement Schedules for Medicare and those
> Insurers identified in Exhibit "A" for the Services provided to
> Melissa Crable.

(Doc. 101 at 20-21).  On February 2, 2012, the Court ordered the movants to (a) produce

Dr. Deukmedjian for a deposition to be conducted in the presence of the Court in the

United States Courthouse in Ocala, Florida, and (b) "bring with them all of the documents

which they were previously ordered to produce." (Doc. 136 at 2).  Also on February 2,

2012, Dr. Deukmedjian and Deuk Spine moved to seal the documents at issue here.

(Doc. 138).  Defendant State Farm timely filed a memorandum in opposition to the

motion (Doc. 148), which is now ripe for review.

## II. Discussion

In this Circuit, it is well settled that "[t]he operations of the courts and the judicial

conduct of judges are matters of utmost public concern" and the integrity of the judiciary

is maintained by the public's right of access to court proceedings.  Romero v. Drummond

Co., 480 F.3d 1234, 1245 (11th Cir. 2007)(citing Landmark Commc'ns, Inc. v.Virginia,

435 U.S. 829, 839 (1978)).  That access is not unfettered, however.  During the discovery

process and pursuant to Federal Rule of Civil Procedure 26(c), a court may enter a

protective order preventing the public disclosure of certain information or limiting how

that information is used in the litigation.  In this regard, FED. R. CIV. P 26(c)(1)(H) provides

that:

> A party or any person from whom discovery is sought may
> move for a protective order in the court where the action is
> pending--or as an alternative on matters relating to a
> deposition, in the court for the district where the deposition
> will be taken. The motion must include a certification that the

3

> movant has in good faith conferred or attempted to confer with
> other affected parties in an effort to resolve the dispute
> without court action. The court may, for good cause, issue an
> order to protect a party or person from annoyance,
> embarrassment, oppression, or undue burden or expense,
> including . . . requiring that the parties simultaneously file
> specified documents or information in sealed envelopes, to be
> opened as the court directs.

FED. R. CIV. P. 26(c)(1)(H).  Upon a showing of good cause by the party seeking

protection, the court must "balance the party's interest in obtaining access against the

other party's interest in keeping the information confidential."  Chicago Tribune Co. et al. v.

Bridgestone/Firestone, Inc. 263 F.3d 1304, 1313 (11th Cir. 2001).  Courts have held that

when balancing these interests, "the mere fact that the production of records may lead to a

litigant's embarrassment, incrimination, or exposure to further litigation will not, without

more, compel the court to seal its records."  Graphic Packaging Int'l, Inc. v. C.W. Zumbiel,

No. 3:10-cv-891-J-JBT, 2010 U.S. Dist. LEXIS 143284, at *3-4 (M.D. Fla. Oct. 27, 2010)

(internal quotations and citations omitted).

Here, the movants ask the Court to seal more than "2,000 pages of partially

redacted email correspondence between [them] and [the law firm of] Morgan & Morgan."

(Doc. 138 at 1). This material was produced to Defendant State Farm pursuant to the

Court's November 14, 2011 and February 2, 2012 orders.  (Id.)  The movants argue that

unless the materials are sealed and protected from public view, employee and patient

privacy rights will be violated. (Id. at 3).  A review of the record reveals that this Court has

already allowed the movants to redact any information that could be used to identify any

particular patient. (Doc. 136 at 2).  In light of this fact, the Court finds the movants' general

concern for patient privacy rights unpersuasive.  Additionally, the movants have failed to

identify any specific right of privacy enjoyed by their employees (or Morgan & Morgan's

4

employees) that would be violated if the Court declined to enter a protective order; thus,

the Court finds this argument equally unpersuasive.

The movants further contend that the protective order would preserve their interest

in "protecting the confidentiality of [their] financial and business relationships and the

terms of those agreements." (Doc. 138).  In support of their argument, the movants cite to

Graphic Packaging for the following proposition:

> In Graphic Packaging, the Court found that the interest of a
> party in maintaining the confidentiality of its financial
> information and the terms of its relationships with its customers
> outweigh the interest of those seeking to access the
> documents.

(Id. at 3).  Aside from this quotation, the movants make no further argument and offer no

further case law citations in this regard.  Based on its independent review of the cases

cited in Graphic Packaging, the Court rejects the movants' argument.  Unlike the case at

bar, the cases that underscore this cited portion of the Graphic Packaging opinion involve

the disclosure of financial information relating to either, a company's business operations

and financial solvency, or an individual's personal income and account balance.  See e.g.

Jazz Photo Corp. v. United States, 439 F.3d 1344, 1358 (Fed. Cir. 2006)(The court

permitted the challenged documents to be sealed because they included information

relating to the plaintiff's "customers, suppliers, manufacturing processes, financial

condition, and the quantity and value of its imports."); In re Boston Herald, Inc. v. Connolly,

321 F.3d 174, 190 (1st Cir. 2003)(The court upheld the seal placed on the defendant's

"[p]ersonal financial information, such as [his] income or bank account balance[.]"); Vista

India, Inc. V. Raaga, LLC, No. 07-1262 (HAA), 2008 U.S. Dist. LEXIS 24454, * 9-12

(D.N.J. Mar. 27, 2008)(The court maintained the confidentiality of the license and settlement agreements defendants entered into with various third parties).

The case at bar is distinguishable.  The Rule 26 document production at issue here is not an effort to gain unfettered access to the movants' and Morgan & Morgan's comprehensive financial and business records.  Rather, it involves the production of a limited scope of documents that relate to payments made by the law firm to the movants (a single account payable relationship) and money received by the movants from Morgan & Morgan (a single account receivable relationship).

FED. R. CIV. P. 26(b)(1) allows for the "discovery of any matter relevant to the subject matter involved in the action."  In this action, State Farm defends against Plaintiff's claim for uninsured/under-insured motorist benefits by arguing that the movants overbilled for treatment provided to Plaintiff and that her economic damages may be inflated as part of a standard practice. (Doc. 3 at 3). Thus, the produced material is relevant to uncovering the extent of the financial relationship between Morgan & Morgan and the movants and to establish the reasonableness of the cost of Plaintiff's treatment.

III. Conclusion

Upon consideration of the foregoing, this Court concludes that the movants have failed to show that "good cause" exists to impose the requested protective order.  The challenged documents are within the scope of discoverable material as set forth in FED. R. CIV. P. 26(b)(1).  Additionally, as explained in section II, <u>supra</u>, the movants have not demonstrated that the produced material implicates any confidentiality or privilege concerns that require the Court's protection.  Accordingly, the Motion to Seal

6

Correspondence, and in the alternative, Motion to Order the Parties to Enter Into A

Confidentiality Agreement is DENIED.

IT IS SO ORDERED.

      DONE AND ORDERED in Ocala, Florida, on February 24, 2012.

                                                                THOMAS B. SMITH
                                                               United States Magistrate Judge

      Copies to all Counsel