UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MELISSA CRABLE,

    Plaintiff,

v.   Case No. 5:10-cv-402-Oc-37TBS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____

ORDER

Pending before the Court is defendant, State Farm Mutual Automobile Insurance Company's Agreed Motion to File Under Seal (Doc. 161). For the following reasons, the motion is due to be DENIED WITHOUT PREJUDICE.

State Farm seeks leave of Court to file under seal, financial records obtained from non-party, Morgan & Morgan which contain financial information relating to other non-parties. Counsel for State Farm represents, pursuant to Local Rule 3.01(g) that she has conferred with counsel for plaintiff, Melissa Crable, and counsel for non-parties, Morgan & Morgan, Dr. Deukmedjian and Millennium Medical Management and they have no objection to the relief sought in the motion.[1]

The sealing of court records is highly disfavored. Brown v. Advantage Engineering, Inc., 960 F.2d 1013, 1015-16 (11th Cir. 1992). This Court pays particular

---

[1] In its Order dated February 24, 2012 (Doc. 152), this Court denied a motion to seal more than 2000 pages of partially redacted e-mail correspondence between Dr. Deukmedjian, Millennium Medical Management and Morgan & Morgan. Now, the Court wonders if State Farm is attempting to have sealed some of the same information the Court previously declined to seal?

attention to motions to seal because the public and press have a common-law right to inspect and copy judicial records. Alexander Grant & Co. Litigation, 820 F.2d 352, 355 (11th Cir. 1987). The First Amendment also provides the public and press with a constitutional right of access to court records. Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1310 (11th Cir. 2001). "[I]t is the rights of the public, an absent third party, which are preserved by prohibiting closure of public records, unless unusual circumstances exist. Wilson v. American Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985). Court records may only be sealed where a party shows a compelling interest for doing so and where the sealing is narrowly tailored to effect that interest. Brown v. Advantage Engineering, Inc., 960 F.2d at 1015-16. "[B]efore sealing a document, the district court must identify and articulate 'an overriding interest based on findings that [a seal] is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the [sealing] order was properly entered.'" Dees v. Hydrady, Inc., 2010 WL 1539813 at *12 (M.D. Fla.)(quoting Press-Enterprise Co. v. Superior Court of California, 464 U.S. 501, 510, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984).

  This Court is not opposed to the sealing of information if it can be shown that good cause exists. This requires the Court be given the information necessary to balance the interests of those affected by the disclosure of the information against the public's right of access. It also means the Court must have sufficient information to "identify and articulate" the reasons for sealing the information. Dees v. Hydrady, Inc.,

2010 WL 1539813 at *12.  State Farm has not furnished the Court with the information it requires to discharge its responsibility.  Consequently, the motion is DENIED WITHOUT PREJUDICE.

    IT IS SO ORDERED.

    DONE AND ORDERED at Ocala, Florida on March 20, 2012.

                                          THOMAS B. SMITH
                                          United States Magistrate Judge

Copies to all Counsel