## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**MELISSA CRABLE,**

      **Plaintiff,**

**v.**                                                                 **Case No: 5:10-CV-402-Oc-37PRL**

**STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY**

      **Defendant.**

_____

## ORDER

This cause is before the Court on Defendant's Motion to Compel Non-Party's, Millennium Medical Management D/B/A Deuk Spine Institute's, Compliance with Magistrate Judge Lammens' September 4, 2012 Order Regarding Production of Surgical Logs.  (Doc. 205). Defendant complains that Deuk Spine has failed to comply with this Court's Order (Doc. 200) entered September 4, 2012, requiring Deuk Spine to produce surgical logs to Defendant for 2010, 2011, and 2012, which was affirmed by the District Judge on November 7, 2012 (Doc. 204).  In its Motion, Defendant represents that Deuk Spine has failed to produce the surgical logs, and thus, seeks an order compelling production of the surgical logs and awarding costs and fees for time spent on the Motion.

After review of Defendant's Motion (Doc. 205), the Court entered an Order to Show Cause on November 20, 2012, directing Deuk Spine to show cause why Defendant's Motion should not be granted and why sanctions should not be imposed.  (Doc. 206).  On that same day, Deuk Spine filed its Response to the Court's Order to Show Cause and Response to Defendant's

Motion to Compel (Doc. 207), wherein Deuk Spine represents that it has not produced the surgical logs for two reasons.

First, Deuk Spine states that it was waiting to produce the surgical logs until it had negotiated a confidentiality agreement with Defendant, which Deuk Spine represents that Defendant previously agreed to do. The Court in its Order (Doc. 200) previously addressed how any concerns regarding confidentiality should be handled and stated "neither Defendant nor Deuk Spine suggested at the hearing that the surgical logs themselves contain specific confidential information about a particular patient, but to the extent they do, such information shall be redacted by Defendant and Deuk Spine." (*See* Doc. 200).

Second, Deuk Spine states that since there was no due date for production of the surgical logs in the Order affirming (Doc. 204), that Deuk Spine calendared the due date for 20 days from the date of the Order affirming, which was the number of days originally granted in the Court's September 4th Order (Doc. 200). The Court had given Deuk Spine 20 days to produce the surgical logs to provide adequate time for any objections to the magistrate judge's Order. The Court is mindful, however, that no specific due date was set forth after entry of the Order affirming (Doc. 204).

Finally, Deuk Spine contends that Defendant's compliance with M.D. Fla. R. 3.01(g) is insufficient, so Defendant's request for sanctions should be denied. The Court agrees.[1] Fed. R. Civ. P. 37(a)(5) requires the Court to award expenses in connection with Defendant's Motion,

---

[1] Rule 3.01(g) provides that "[b]efore filing any motion in a civil case . . . the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion." The Rule clearly states that a "certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer." Accordingly, this Rule imposes a mandatory requirement that counsel confer with opposing counsel before filing a motion with the Court. Here, Defendant's counsel represents that he *attempted* to confer with Deuk Spine's counsel, regarding production of the surgical logs, by email on November 8, 2012, and by leaving a message on November 15, 2012 (notably, just one day prior to filing its Motion to Compel). In this instance, Defendant's attempts to contact Deuk Spine's counsel are insufficient to satisfy 3.01(g)'s mandatory requirement to actually confer.

unless it finds that one of the exceptions in the Rule applies.   Here, the Court finds that Defendant's failure to adequately comply with M.D. Fla. R. 3.01(g) – to actually confer before filing a motion to compel – constitutes "other circumstances mak[ing] an award of expenses unjust," so the Court denies any recover for fees and costs.  Fed. R. Civ. P. 37(a)(5)(iii).

Accordingly, Defendant's Motion (Doc. 205) is **GRANTED IN PART** and **DENIED IN PART**.   On or before **December 6, 2012**, Deuk Spine shall produce the surgical logs to Defendant for 2010, 2011, and 2012, in accordance with the Court's Order dated September 4, 2012 (Doc. 200).  And, Defendant's request for sanction is denied.

**IT IS SO ORDERED**.

**DONE** and **ORDERED** in Ocala, Florida on November 26, 2012.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:  All Counsel