**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

MELISSA CRABLE,

        Plaintiff,

vs.                                                                      Case No. 5:10-cv-402-Oc-37PRL

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Defendant's Motion for Order to Show Cause and for Sanctions Against Non-Party, Millennium Medical Management d/b/a Deuk Spine Institute (Doc. 218), filed December 20, 2012; and

2. Non-Party Millennium Medical Management, LLC's ("Deuk Spine") Emergency Motion for Rehearing/Clarification and/or Rule 60(b) Motion for Relief as to Court Order (Doc. 219) Requiring Production of Un-Redacted Surgical Logs by Non-Party Deuk Spine and/or Motion to Allow Non-Party Deuk Spine to Respond to Defendant's Motion to Show Cause and for Sanctions (Doc. 218) (Doc. 222), filed December 26, 2012.

3. Non-Party Millennium Medical Management, LLC's and Dr. Ara Deukmedjian's Motion for Clarification of the Court's Oral Ruling at the Hearing Held on December 28, 2012 at 1:00 p.m. on Non-Party's Emergency Motion (Doc. 230), filed December 28, 2012.

**BACKGROUND**

On September 4, 2012, after a hearing, Magistrate Judge Lammens compelled non-party Millennium Medical Management, LLC ("Deuk Spine") to produce its surgical logs for 2010, 2011, and 2012. (Doc. 200.) Magistrate Judge Lammens directed that confidential patient information, to the extent the surgical logs contained such information, be redacted. (*Id.*) Deuk Spine objected. (Doc. 201.) This Court overruled the objection and affirmed Magistrate Judge Lammens's order (Doc. 204.) Magistrate Judge Lammens ordered that the surgical logs be produced on or before December 6, 2012. (Doc. 208.) Deuk Spine produced the surgical logs, but redacted the "Confidential Patient Identifier" numbers contained in those logs. (*See* Doc. 218-1.)

Defendant then moved the Court to compel Deuk Spine to produce unredacted surgical logs and for an order to show cause why sanctions should not be imposed for violating the Court's order. (Doc. 218.) On December 24, 2012, the Court granted in part Defendant's motion, directing Deuk Spine to produce its surgical logs by December 26, 2012, without redacting the "Confidential Patient Identifier" numbers. (Doc. 219.) In that Order, the Court also reserved judgment on the remainder of the motion, taking the issue of sanctions under advisement. (*Id.*) Deuk Spine did not produce the surgical logs as directed by the Court. Instead, Deuk Spine filed an Emergency Motion asking the Court to revisit its ruling. (Doc. 222.) A hearing at which counsel for Plaintiff, Defendant, and Deuk Spine were present was held on December 28, 2012. At the hearing, the Court denied Deuk Spine's Emergency Motion (Doc. 222) and directed Deuk Spine to produce the unredacted surgical logs for Defendant, which in the presence of the Court Deuk Spine did. Dr. Deukmedjian and Deuk Spine then filed a Motion for Clarification of the Court's oral ruling. (Doc. 230.)

**DISCUSSION**

**I. Sanctions**

The Court's power to impose sanctions is derived from the inherent power "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal quotation marks and citation omitted). "Because of their very potency, inherent powers must be exercised with restraint and discretion . . . [and a] primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct that abuses the judicial process." *Id.* at 44–45 (citation omitted). On the Court's own motion, the Court finds that the conduct of non-parties Deuk Spine and Dr. Ara Deukmedjian warrants the imposition of sanctions. The behavior of these non-parties has been breathtakingly contumacious. Deuk Spine has violated the Court's orders, made misrepresentations that have delayed the discovery process, failed to meet its obligation under Rule 30(b)(6), and failed to produce requested documents. The number of motions filed by non-party Deuk Spine to evade, avoid, and thwart discovery requests in this case is staggering. Additionally, Dr. Deukmedjian has shown nothing but contempt for this Court and the judicial process. He has refused to answer questions in depositions, unilaterally terminated a deposition early, and willfully withheld documents that were requested to be produced at a deposition until nearly the end of the deposition. These are just a few examples; the Court does not detail all of Deuk Spine and Dr. Deukmedjian's contumacious behavior in this Order, but the totality of the conduct is severe. The Court finds that Deuk Spine and Dr. Deukmedjian have acted in bad faith.

Under the totality of the circumstances and considering the non-parties' conduct throughout the course of litigation, the Court finds that sanctions are warranted and

finds Deuk Spine and Dr. Deukmedjian to be in contempt of Court.[1] However, the Court will allow Deuk Spine and Dr. Deukmedjian to purge themselves of the contempt finding by abandoning any claim for compensation for medical services provided to Plaintiff Melissa Crable. That is, if the non-parties waive Melissa Crable's subject medical bills, the Court will not find them in contempt; if the non-parties do not elect to waive the bills and purge themselves of the contempt finding, the Court will impose sanctions for attorney's fees and costs for all contumacious conduct beginning on March 28, 2011, when Dr. Deukmedjian became a movant in this case. The Court understands that these sanctions are severe and nevertheless finds them appropriate as the conduct in this case exhibits extreme disregard for the judicial process; constitutes dilatory tactics that have prevented Plaintiff and Defendant from having their day in court for many months; and displays a general attitude of being above the law that has culminated in the issue of the surgical logs being litigated well past the discovery period, to ten days before trial, creating hardships for the parties and the Court. Deuk Spine and Dr. Deukmedian are directed to notify the Court via CM/ECF of their election on or before 5:00 p.m. on December 31, 2012. Should either non-party elect not to purge itself of the contempt finding, a briefing schedule will be set to determine the appropriate amount of attorney's fees and costs to be imposed.

## II.   Emergency Motion for Reconsideration[2]

"In the interests of finality and conservation of scarce judicial resources,

---

[1] The Court made these findings at the December 28, 2012 hearing in the presence of Deuk Spine and Dr. Deukmedjian's attorney, Crystal Eiffert, conferring notice on the non-parties and personal jurisdiction on the Court. *See McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995).

[2] The Court construes Deuk Spine's Emergency Motion (Doc. 222) as a motion for reconsideration.

reconsideration of an order is an extraordinary remedy and it employed sparingly." *Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005). "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993).

The Court does not find reconsideration justified. First, the medical privacy issue on which Deuk Spine's motion for reconsideration relies was raised neither at the September 4, 2012 hearing regarding the surgical logs (Doc. 220), nor in Deuk Spine's objection to Magistrate Judge Lammens's order (Doc. 201). At the September 4, 2012 hearing, Defendant explicitly stated that it was not seeking any HIPAA-protected information. (Doc. 222, Tr. 12:13–15, 16:14–19, 35:9–14.) Deuk Spine did not contest this assertion, nor did it raise any HIPAA or state medical privacy law objection to the production of the surgical logs. In its objection to Magistrate Judge Lammens's order, Deuk Spine only raised the procedural objections of untimeliness and improper discovery procedure. (Doc. 201.) Thus, Deuk Spine never raised the medical privacy issue despite several opportunities to do so, and that issue is now foreclosed.

Further, as stated in the Court previous Order (Doc. 219), the surgical logs do not contain any confidential patient information. The "Confidential Patient Identifier" number is just that—a *confidential* number used instead of a patient's name or other identifying information. The number correlates to a specific event for a specific patient (Doc. 189-1, p. 34, Russel Dep. 132:4–25) and provides nothing more. It does not identify a patient or a patient's personal information. Therefore, even on the merits of the medical privacy argument, Deuk Spine fails to demonstrate error or manifest injustice so as to justify

reconsideration.

As such, the motion for reconsideration is denied. At the hearing, the Court ordered Deuk Spine to provide Defendant with the unredacted surgical logs, which it did in the presence of the Court. On its own motion, and out of an abundance of caution, the Court: (1) instructed that the surgical logs were only to be viewed by Defendant's counsel; (2) prohibited Defendant's counsel from sharing the surgical logs with anyone else, including its client, Defendant State Farm Automobile Insurance Company ("State Farm"); and (3) limited the use of the surgical logs to the present litigation.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Court finds Deuk Spine and Dr. Ara Deukmedjian in contempt of Court. Deuk Spine and Dr. Deukmedjian may purge themselves of the contempt finding by electing to abandon any claim for compensation for medical services provided to Plaintiff Melissa Crable. Deuk Spine and Dr. Deukmedian are **DIRECTED** to notify the Court on or before 5:00 p.m. on December 31, 2012, of their election by filing a notice with CM/ECF. If Deuk Spine or Dr. Deukmedjian does not elect to purge the contempt finding by abandoning claims for compensation against Plaintiff, the Court will impose sanctions in the form of attorney's fees and costs and will set a briefing schedule to determine the appropriate amount.

2. Defendant's Motion for Order to Show Cause and for Sanctions Against Non-Party, Millennium Medical Management d/b/a Deuk Spine Institute (Doc. 218), to the extent that the Court reserved judgment as to sanctions, is **DENIED AS MOOT**.

3. Non-Party Millennium Medical Management, LLC's Emergency Motion for Rehearing/Clarification and/or Rule 60(b) Motion for Relief as to Court Order (Doc. 219) Requiring Production of Un-Redacted Surgical Logs by Non-Party Deuk Spine and/or Motion to Allow Non-Party Deuk Spine to Respond to Defendant's Motion to Show Cause and for Sanctions (Doc. 218) (Doc. 222) is **DENIED**.

4. Defendant's counsel is **DIRECTED** to allow only Defendant's counsel and staff for Defendant's counsel to view the surgical logs. Defendant's counsel is prohibited from sharing the surgical logs with anyone else, including its client State Farm. The surgical logs are to be used only for the purposes of the present litigation. Defendant's counsel is **DIRECTED** to destroy or return to Deuk Spine the surgical logs at the end of this litigation.

5. Non-Party Millennium Medical Management, LLC's and Dr. Ara Deukmedjian's Motion for Clarification of the Court's Oral Ruling at the Hearing Held on December 28, 2012 at 1:00 p.m. on Non-Party's Emergency Motion (Doc. 230) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Ocala, Florida, on December 28, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record